UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lee Edward Ellerbe, #297877, ) | C/A No.: 6:12-cv-01064-GRA | |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| Warden Stevenson, ) | | |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

This matter comes before the court for a review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C, and filed on January 7, 2013. Petitioner Lee Edward Ellerbe ("Petitioner") brought this action pursuant to 28 U.S.C. § 2254 on April 18, 2012.[1]  ECF No. 1.

Petitioner is currently being held in state custody at the Broad River Correctional Institution in Columbia, South Carolina, and seeks habeas relief for state convictions. Respondent moved for summary judgment on August 2, 2012, and the Court sent Petitioner an order pursuant to *Roseboro v. Garrison*, 428 F.2d 309 (4th Cir. 1975), explaining the summary judgment process and instructing Petitioner that he had thirty-four days to respond to the Motion.   ECF Nos.  17 & 18.  Petitioner filed a Response in Opposition to the Summary Judgment Motion on September 26, 2012.  ECF No. 29. Magistrate Judge McDonald now recommends that this Court grant Respondent's Motion for Summary Judgment.  Report & Recommendation 14, ECF No. 31.

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

This Court must conduct a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(c). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to object waives a petitioner's right to appeal. *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

Petitioner timely filed an Objection to the Report and Recommendation on January 25, 2013; however, "courts have . . . held *de novo* review to be unnecessary . . . in situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, the Petitioner has failed to identify any specific error in the Report and Recommendation; rather, he restates his arguments that were correctly addressed by the magistrate. The Court will not address the issues a second time.

After a thorough review of the record, the Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED THAT** Respondent's Motion for Summary Judgment is GRANTED and that Petitioner's § 2254 Petition is DENIED. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February 1, 2013
Anderson, South Carolina

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2), *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").